**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
*Plaintiff-Appellee,*

v.

OLOYEDE JOHNSON, a/k/a Johnson
Oloyede, a/k/a Little Black,
*Defendant-Appellant.*

No. 00-4226

UNITED STATES OF AMERICA,
*Plaintiff-Appellee,*

v.

WILLIAM M. PARROS, a/k/a B.J.,
*Defendant-Appellant.*

No. 00-4227

UNITED STATES OF AMERICA,
*Plaintiff-Appellee,*

v.

ALFRED CHEESE, III, a/k/a Big
Cheese,
*Defendant-Appellant.*

No. 00-4228

UNITED STATES OF AMERICA,
*Plaintiff-Appellee,*

v.

CLARENCE HICKS, a/k/a Bunky,
*Defendant-Appellant.*

No. 00-4271

UNITED STATES OF AMERICA,
          *Plaintiff-Appellee,*

          v.                                    No. 00-4280

KENDALL SCHUYLER, a/k/a Sleepy,
          *Defendant-Appellant.*


UNITED STATES OF AMERICA,
          *Plaintiff-Appellee,*

          v.                                    No. 00-4315

OWEN ROBINSON, a/k/a Heavy,
          *Defendant-Appellant.*


Appeals from the United States District Court
for the District of Maryland, at Baltimore.
Benson E. Legg, District Judge.
(CR-98-259-L)

Submitted: August 31, 2001

Decided: November 2, 2001

Before NIEMEYER and MICHAEL, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

---

Affirmed in part, vacated in part, and remanded by unpublished per
curiam opinion.

---

**COUNSEL**

David P. Henninger, Bel Air, Maryland; Gerald D. Glass, Towson,
Maryland; Flynn M. Owens, Baltimore, Maryland; Michael D. Mon-

temarano, Baltimore, Maryland; Gary A. Ticknor, Baltimore, Maryland; G. Godwin Oyewole, Washington, D.C., for Appellants. Stephen M. Schenning, United States Attorney, Robert R. Harding, Assistant United States Attorney, Tarra DeShields, Assistant United States Attorney, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

## OPINION

PER CURIAM:

Oloyede Johnson, William Parros, Alfred Cheese, Clarence Hicks, Kendall Schuyler, and Owen Robinson were convicted on charges related to their participation in a drug distribution ring operating in Baltimore, Maryland. For the following reasons, we affirm their convictions, although we vacate the sentences imposed on Parros, Schuyler and Robinson and remand as to those Appellants for re-sentencing.

### I.

Appellants are former members of a drug trafficking conspiracy based predominantly in the O'Donnell Heights area of southeast Baltimore. That conspiracy, captained by Antonio Howell, distributed primarily cocaine base, but also sold powder cocaine, heroin, and marijuana. At the height of the conspiracy, Appellants required weekly trips to New York to obtain kilogram quantities of powder cocaine, which they would cook into cocaine base, in order to supply their operation. The volume and profit of the organization was matched by its ruthlessness, however, as at least two individuals were killed as part of the organization's attempt to secure control over its areas of distribution.

At trial, several members of the conspiracy testified against the Appellants, including Howell and Michael Scales. At the conclusion

of the thirty-day trial, a jury convicted each Appellant of conspiring to distribute a controlled substance in violation of 21 U.S.C.A. §§ 846, 841 (West 1999 & Supp. 2001). Johnson was also convicted of conspiring to murder and committing murder in aid of racketeering activity in violation of 18 U.S.C.A. § 1959(a)(1), (5) (West 2000), possessing cocaine base with intent to distribute in violation of 21 U.S.C.A. § 841 (West 1999 & Supp. 2001), possession of a firearm by a felon in violation of 18 U.S.C.A. § 922(g) (West 2000), and use of a firearm in a drug trafficking offense in violation of 18 U.S.C.A. § 924(c) (West 2000). Additionally, Cheese was also convicted of two counts of possession of a firearm by a felon in violation of § 922(g), Schuyler of carrying a firearm in connection with drug trafficking in violation of § 924(c), and Robinson of possessing cocaine base with intent to distribute in violation of § 841(a).

Although Appellants raise nine issues on appeal, collectively they raise three challenges to their convictions on Count Three, charging Appellants with conspiring to distribute controlled substances. As a result of their convictions on Count Three, William Parros and Clarence Hicks each received thirty-year sentences,[1] and Johnson a ten-year sentence. Cheese, Schuyler and Owen Robinson, however, received life sentences. On appeal, Appellants contend that, in light of the Supreme Court's decision in *Apprendi v. New Jersey*,[2] § 841 is unconstitutional, and that their sentences were imposed in violation of *Apprendi*'s requirement that "other than the fact of prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. 466, 490.

II.

Because Appellants did not raise these challenges to their convictions and sentences before the district court, they may only do so on appeal if they can demonstrate plain error. *See United States v. Angle*, 254 F.3d 514, 517 (4th Cir. 2001) (citing Fed. R. Crim. P. 52(b);

---

[1]Parros and Hicks were only convicted on Count Three of the second superseding indictment.

[2]530 U.S. 466 (2000).

*United States v. Olano*, 507 U.S. 725, 731-32 (1993)). Consequently, in order to prevail on appeal Appellants must demonstrate that: 1) their indictment does not include the specific threshold drug quantities necessary for conviction under the aggravated drug trafficking offenses in § 841(b)(1)(A), (B);[3] 2) their resulting sentences are in excess of the statutory maximum otherwise available under § 841(b)(1)(C); 3) sentencing in this manner affected their substantial rights; and 4) this court should notice that error. *See United States v. Promise*, 255 F.3d 150, 156-57, 160, 161 (4th Cir. 2001). We note as a threshold matter that the Appellants' indictment does not identify the drug quantities involved.

### A.

Initially, we reject Appellants' challenge to the constitutionality of § 846 and § 841. In essence, Appellants argue that because courts uniformly treated the criteria in § 841(b) permitting enhanced maximum sentences as sentencing factors prior to *Apprendi*, but have since identified those facts as elements of "aggravated drug trafficking offenses," *see, e.g.*, *Promise*, 255 F.3d at 152 n.1, *Apprendi* renders § 841 internally inconsistent, and thus unconstitutional. However, because the sentencing factor label applied to the drug thresholds of § 841(b) is a purely judicial construct, the creation and use of which followed the enactment of § 841, we find the reassignment of these facts from sentencing factors to elements of the offense following *Apprendi* is not of constitutional moment. *See United States v. Cernobyl*, 255 F.3d 1215, 1218-19 (10th Cir. 2001) (citing cases from the Fifth, Seventh, and Eleventh Circuits dismissing constitutional challenges to § 841 in the wake of *Apprendi*); *see also Promise*, 255 F.3d at 168-74 (Luttig, J. concurring) (arguing the constitutional rule of *Apprendi* should not impact the statutory analysis of § 841).

### B.

With respect to Appellants' challenge to their sentences on Count Three of the second superseding indictment, we find that Johnson and Hicks cannot show their sentences exceeded the applicable statutory

---

[3]*See United States v. Promise*, 255 F.3d 150, 152 n.1 (4th Cir. 2001).

maximums. Under § 841(b)(1)(C), a defendant whose indictment for a violation of § 841(a) does not describe the quantities of drugs involved may receive a sentence of twenty years upon conviction. As a result, Johnson's ten year sentence for his conviction under § 846, which is punishable like a violation of § 841, does not give rise to an error under *Apprendi*. *See United States v. Angle*, 254 F.3d 514, 518 (4th Cir. 2001).

Similarly, Hicks cannot demonstrate error with respect to his thirty-year sentence as to Count Three, his single count of conviction. Although the base statutory maximum of § 841(b)(1)(C) is twenty years, that subparagraph permits a maximum of thirty years where the defendant has one or more prior felony convictions. Here, the Government filed the required pre-trial information on January 8, 1999 indicating its intent to seek enhanced penalties under § 841(b) against Hicks, Cheese, Schuyler, and Robinson in accordance with 21 U.S.C. § 851 (1994). Because § 841(b)(1)(C) authorizes a ten-year enhancement based *solely* on a defendant's prior felony convictions, and *Apprendi* explicitly exempts prior convictions from its scope, 530 U.S. at 490, Hicks' thirty-year sentence does not contain an *Apprendi* defect. Accordingly, Johnson's and Hicks' convictions and sentences do not implicate *Apprendi* as a threshold matter.

Although Parros, Cheese, Schuyler, and Robinson all received sentences in excess of the maximum applicable to them under § 841(b)(1)(C), we find Cheese cannot satisfy the third prong of the plain error inquiry, as his sentence does not affect his substantial rights. Although Cheese's life sentence on Count Three is erroneous, because his offense level under the Sentencing Guidelines required a mandatory life sentence, and he also received statutory-maximum life sentences under § 924(e) for his firearms convictions, the error as to Count Three did not expose him to a longer term of incarceration than that to which he would otherwise be subject. *See Angle*, 254 F.3d at 518. As a result, Cheese cannot demonstrate the *Apprendi* error in his sentence on Count Three affected his substantial rights.

Applying the plain error analysis to the remaining Appellants, Parros, Schuyler, and Robinson, we find their sentences must be vacated in light of *Apprendi*. The life sentences imposed on Schuyler and Robinson are in excess of the thirty-year statutory maximum dis-

cussed above, demonstrating error that is plain. *See Promise*, 255 F.3d at 156-57. Likewise, because the Government did not include Parros in its pre-trial § 851 information, only the twenty-year maximum of § 841(b)(1)(C) was authorized as to him. *See* § 851. With respect to the third prong of the plain error inquiry, we have found that a sentence in excess of the authorized statutory maximum to which a defendant would not otherwise be subject affects his substantial rights. *Id.* Finally, we recently determined that where the sentence imposed is defective due to a fatal error in the indictment, as is the case here, this court should notice that error. *United States v. Cotton*, 261 F.3d 397, ___ (4th Cir. 2001). Accordingly, we vacate the sentences imposed on Parros, Schuyler, and Robinson for Count Three, as well as the life sentence imposed on Robinson for Count Four, and remand to the district court for re-sentencing at or below the relevant statutory maximums of § 841(b)(1)(C).[4]

In light of the foregoing consideration of the Appellants' sentences in light of *Apprendi*, we find their additional collective assignments of error to be meritless. With respect to the application of the cross-reference contained in § 2A1.1(d) of the *United States Sentencing Guidelines Manual* (2000) in calculating their sentences, we have found that *Apprendi* does not reach a judge's determination as to facts impacting the determination of a sentence, provided the resulting sentence is within the statutory maximum authorized by the elements charged in the indictment. *Promise*, 255 F.3d at 156 n.5; *United States v. Kinter*, 235 F.3d 192, 202 (4th Cir. 2000). Additionally, to the extent some Appellants challenge the use of their prior convictions against them at sentencing, the Supreme Court in *Apprendi* recognized that while its decision was arguably in conceptual tension with *Almendarez-Torres v. United States*, 523 U.S. 224, 239 (1998) (5-4 decision) (holding prior convictions constitute sentencing factors, even if they increase the available statutory maximum), it nonetheless stated that its resolution left the sui generis issue of recidivism addressed in *Almendarez-Torres* undisturbed. *See Apprendi*, 530 U.S. at 489-90. Accordingly, we find these additional assignments of error on appeal to be meritless.

---

[4]We note, however, that because Schuyler and Robinson have multiple counts of conviction, on remand their sentences may be "stacked" in accordance with *United States v. White*, 238 F.3d 537 (4th Cir. 2001).

### III.

Appellants also raise several individualized assignments of error. However, our careful review of each indicates that they do not undermine the validity of those Appellants' convictions or sentences.

### A.

On appeal, Johnson contends the district court erred in refusing him the opportunity to explore transcripts of a state trial in which Michael Scales, a Government witness against the Appellants, had previously been accused of the murder that was the basis for Count Sixteen of the instant indictment, charging both Johnson and Schuyler with use of a firearm in relation to a drug trafficking crime in violation of § 924(c). Johnson contends that because Scales testified below that the key witnesses at his state trial testified truthfully in exonerating him, and that their earlier statements were false, he should be permitted to explore whether those witnesses' earlier statements (implicating both Scales and Schuyler) were false as Scales contended, or were in fact true.

We find the district court did not abuse its discretion in denying Johnson the opportunity to do so. *See United States v. Brooks*, 111 F.3d 365, 371 (4th Cir. 1997) (reviewing evidentiary decisions for abuse of discretion, subject to harmless error review). Essentially, Johnson sought to present testimony through the Scales' trial transcript in order to support his defense theory that others were responsible for the murder in question. However, Johnson's presence at the murder scene was not ruled out by the witnesses' earlier statements against Scales, and the testimony offered by Scales and Howell in the instant trial, that Johnson was the triggerman and was wounded during an exchange of gunfire, was corroborated by evidence that Johnson sought treatment at an area hospital on the night in question for a bullet wound. Moreover, the jury was presented with evidence that Scales had been tried and acquitted of the murder in question, based on the inconsistent statements of the key witnesses. As a result, we find there was a sufficient independent basis for Johnson to both challenge Scales' credibility and raise the possibility that others were responsible for the murder in question.

Johnson next argues the district court erred in denying his motion for severance. Because there is a presumption that co-defendants indicted together will be tried together, *see* Fed. R. Crim. P. 14, we will only reverse a district court's decision not to sever co-defendants if it is so unfairly prejudicial that a miscarriage of justice would result, *United States v. Williams*, 10 F.3d 1070, 1080 (4th Cir. 1993), and thus we find that it abused its discretion in failing to sever. *See United States v. Smith*, 44 F.3d 1259, 1267 (4th Cir. 1995). However, because we find Johnson's allegations on appeal indicate only that the district court's decision made his defense more difficult, *United States v. Goldman*, 750 F.2d 1221, 1225 (4th Cir. 1984) (internal citations omitted), we find this assignment of error unavailing as well.

### B.

Cheese offers two related assignments of error, which we find to be meritless. First, Cheese claims the district court erred in failing to suppress evidence seized from his vehicle based on information the Government obtained from a confidential source, inasmuch as that information failed to provide probable cause that his vehicle constituted forfeitable contraband, and was thus subject to a warrantless search. Our review of the pre-trial suppression hearing indicates the Government provided the district court with evidence both corroborating the source's statement and confirming its reliability as required by *Illinois v. Gates*, 462 U.S. 213, 233-34 (1983).[5] Accordingly, we find the district court's suppression determination is not erroneous.

Similarly, we find the district court did not err in declining to suppress evidence seized during the subsequent search of 1215 Sugarwood, a residence to which Cheese was linked through utility bills for that address seized from his vehicle. On appeal, Cheese contends that the items sought in the search warrant for that property could not reasonably have been expected to be found there. However, contrary to Cheese's assertion on appeal, the schedule of items sought included

---

[5]In particular, the Government substantiated the source's track record for reliability and the fact that Cheese had previously been stopped with a firearm and large sum of cash, the hallmarks of drug trafficking, *see United States v. Kennedy*, 32 F.3d 876, 882-83 (4th Cir. 1994); *United States v. Thomas*, 913 F.2d 1111, 1115 (4th Cir. 1990), in the vehicle.

indicia of ownership or occupancy, including items linking Cheese to the residence. Accordingly, we find this assignment of error to be meritless as well.

## C.

Finally, Parros offers two challenges to his thirty-year custodial sentence as to Count Three, his only count of conviction. Essentially, Parros contends the district court's decision not to adjust the computation of his offense level to reflect his relatively minor role in the conspiracy constitutes clear error, and that the district court misperceived its authority to depart downward from the resulting sentencing range. We disagree.

As a preliminary matter, this Court reviews denials of a downward adjustment to a defendant's offense level for clear error. *See United States v. Pratt*, 239 F.3d 640, 646 (4th Cir. 2001). Here, the record supports the district court's conclusion that while Parros was indeed the least involved defendant at trial, his role, although limited, was not commensurate with a minor role as contemplated by *USSG* § 3B1.2. Accordingly, we decline to disturb Parros' sentence on that basis.

We also reject Parros' challenge to the district court's conclusion that a downward departure was not authorized. We need not resolve here whether a jury's recommendation for leniency can even serve as a basis for a downward departure under the Sentencing Guidelines. *Compare United States v. Mickens*, 977 F.2d 69, 73 (2nd Cir. 1992) (concluding a downward departure is permissible), *with United States v. Rose*, 20 F.3d 367, 374 n.6 (9th Cir. 1994) (stating a downward departure is not permitted), and *United States v. Dorvil*, 784 F. Supp. 849, 853 (S.D. Fla. 1991) (concluding a downward departure is not permitted). Under the circumstances of this case, the district court's conclusion that Parros' role in the offense made him ineligible for a downward adjustment under § 3B1.2 disqualified Parros for a downward departure under § 5K2.0 based upon that same factor. *See Koon v. United States*, 518 U.S. 81, 94-95 (1996) (even an encouraged factor is not appropriate basis for departure if applicable guideline has taken it into account).

IV.

In light of the foregoing, we affirm the Appellants' convictions, but vacate the sentences imposed on Parros, Schuyler, and Robinson, and remand those Appellants for re-sentencing consistent with this opinion. Additionally, while we grant Hicks' motion to file a pro se supplemental brief, we deny relief on the claims raised therein as meritless.[6] We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED IN PART, VACATED IN PART,*
*AND REMANDED*

---

[6]In that brief, Hicks argues 21 U.S.C.A. § 844 (West 1999) provides the appropriate penalty provision where drug quantity is not charged in the indictment. However, we have previously stated § 841 provides the penalty provisions for violations of § 846. *See Promise*, 255 F.3d at 153 n.3. Hicks further argues the appropriate statutory maximum against which to make the *Apprendi* inquiry is provided by the Sentencing Guidelines. However, we find this argument meritless. *See Kinter*, 235 F.3d at 201.