UNITED STATES of America,
Plaintiff–Appellee,

v.

Owen ROBINSON, a/k/a Heavy,
Defendant–Appellant.

United States of America,
Plaintiff–Appellee,

v.

Kendall Schuyler, a/k/a Sleepy,
Defendant–Appellant.

United States of America,
Plaintiff–Appellee,

v.

William M. Parros, Defendant–
Appellant.

Nos. 03–4511, 03–4518, 03–4519.

United States Court of Appeals,
Fourth Circuit.

Argued: Oct. 1, 2004.

Decided: Dec. 13, 2004.

834

**ARGUED:** Gary Allen Ticknor, Elkridge, Maryland; Gerald Durand Glass, Towson, Maryland, for Appellants. Robert Reeves Harding, Assistant United States Attorney, Office of the United States Attorney, Baltimore, Maryland, for Appellee. **ON BRIEF:** G. Godwin Oyewole, Washington, D.C., for Appellant Robinson. Thomas M. DiBiagio, United States Attorney, Baltimore, Maryland, for Appellee.

Before NIEMEYER, MOTZ, and KING, Circuit Judges.

Affirmed by published opinion. Judge KING wrote the opinion, in which Judge NIEMEYER and Judge MOTZ joined.

KING, Circuit Judge:

Appellants Owen Robinson, Kendall Schuyler, and William Parros appeal the sentences imposed on them in the District of Maryland after our remand for re-sentencing in their earlier appeals. *United States v. Johnson*, 26 Fed.Appx. 111, 2001 WL 1349205 (4th Cir. Nov.2, 2001) (unpublished). On remand, Robinson and Schuyler were each re-sentenced to life in prison and Parros was re-sentenced to thirty years. They now maintain that the district court improperly postponed their resentencing proceedings to await the Supreme Court's decision in *United States v. Cotton*, 535 U.S. 625, 122 S.Ct. 1781, 152 L.Ed.2d 860 (2002), and that the district court improperly applied the *Cotton* decision to their new sentences. As explained below, we affirm.

I.

On November 23, 1999, a jury convicted Oloyede Johnson, Parros, Alfred Cheese, Clarence Hicks, Schuyler, and Robinson (collectively, the "Defendants") of various controlled substance offenses, including conspiracy to distribute such substances in violation of 21 U.S.C. § 846.[1] In March and April 2000, they were sentenced to terms ranging from ten years to life. The Defendants thereafter appealed their convictions and sentences to this Court, contending,

---

1. In our *Johnson* decision, we recited the factual predicate of the crimes for which the Defendants were convicted as follows:

Appellants [the "Defendants" in this proceeding] are former members of a drug trafficking conspiracy based predominantly in the O'Donnell Heights area of southeast Baltimore. That conspiracy, captained by Antonio Howell, distributed primarily cocaine base, but also sold powder cocaine, heroin, and marijuana. At the height of the conspiracy, Appellants required weekly trips to New York to obtain kilogram quantities of powder cocaine, which they would cook into cocaine base, in order to supply their operation. The volume and profit of the organization was matched by its ruthlessness, however, as at least two individuals were killed as part of the organization's attempt to secure control over its areas of distribution.

*Johnson*, 26 Fed.Appx. 111, 2001 WL 1349205, at *1.

*inter alia,* that their sentences had been imposed in contravention of *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000).[2] Because the Defendants had not raised any *Apprendi* challenges in the district court, we reviewed those claims for plain error.

In our decision in *Johnson,* issued on November 2, 2001, we rejected the *Apprendi* challenges of Johnson, Cheese, and Hicks. On the other hand, we deemed the *Apprendi* challenges of Robinson, Schuyler, and Parros (the "Appellants") to be valid, vacated their sentences,[3] and remanded for re-sentencing. *Johnson,* 26 Fed.Appx. 111, 2001 WL 1349205, at *6. Relying on our decision in *Cotton,* 261 F.3d 397 (4th Cir.2001), we ruled that the failure of the *Johnson* indictment to allege a specific threshold drug quantity constituted reversible error as to the Appellants that should be noticed on appeal. *Johnson,* 26 Fed.Appx. 111, 2001 WL 1349205, at *3. Following our decision in *Johnson,* the Government neither moved this Court to stay the mandate, sought en banc review, nor petitioned the Supreme Court for certiorari. On November 26, 2001, we issued our mandate in *Johnson.*[4]

Less than two months later, on January 4, 2002, the Supreme Court granted certiorari in *Cotton,* 534 U.S. 1074, 122 S.Ct. 803, 151 L.Ed.2d 689 (2002), the decision on which the *Johnson* panel had primarily

relied in awarding relief to the Appellants. In granting certiorari in *Cotton,* the Court agreed to address the question of "whether the omission from a federal indictment of a fact that enhances the statutory maximum sentence justifies a court of appeals' vacating the enhanced sentence, even though the defendant did not object in the trial court." *Cotton,* 535 U.S. at 627, 122 S.Ct. 1781.

On January 22, 2002, pursuant to *Johnson,* the re-sentencing proceedings of the Appellants were scheduled by the district court for February 28, 2002. The February 28 proceedings were postponed, however, and on March 13, 2002, the district court stayed the re-sentencing proceedings pending the Court's decision in *Cotton.*[5] The Supreme Court rendered its *Cotton* decision on May 20, 2002, reversing our earlier decision in *Cotton.* 535 U.S. 625, 122 S.Ct. 1781, 152 L.Ed.2d 860 (2002). In *Cotton,* the Court ruled that an indictment rendered defective by *Apprendi* does not require vacation of the resulting sentence if evidence against the defendant is "overwhelming" and "essentially uncontroverted." *Id.* at 633, 122 S.Ct. 1781 (citation and internal quotation marks omitted).

On July 3, 2002, the Government, relying on the Supreme Court's *Cotton* decision, moved this Court to recall the mandate in *Johnson.* This motion was denied on October 8, 2002. *See* No. 00–4227(L)

---

2. In *Apprendi,* the Supreme Court held that any factor, other than a prior conviction, that "increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. at 490, 120 S.Ct. 2348.

3. The Appellants' initial sentences were life imprisonment for Robinson and Schuyler, and thirty years for Parros, the same as those imposed by the court on remand.

4. Under the applicable rule, "the mandate consists of a certified copy of the judgment, a

copy of the court's opinion, if any, and any direction about costs." Fed. R.App. P. 41(a). Pursuant to our mandate in *Johnson,* we remanded "for re-sentencing consistent with this opinion." 26 Fed.Appx. 111, 2001 WL 1349205, at *6.

5. The Appellants assert that, on February 28, 2002, the Government made an oral request to the district court for a stay of re-sentencing pending the outcome of *Cotton.* This oral request was followed by a written request, which was granted on March 13, 2002.

(4th Cir. Oct. 8, 2002).[6] The district court conducted re-sentencing proceedings of the Appellants on May 23, 2003, and it re-sentenced the Appellants to the same sentences it had originally imposed. During the re-sentencing proceedings, the court found, as to Robinson, that "there was overwhelming and essentially uncontroverted evidence that the conspiracy within Mr. Robinson's reasonable contemplation involved the distribution of fifty grams or more of crack cocaine." J.A. 282. In the re-sentencing of Schuyler, the court found that the evidence "overwhelmingly established that the conspiracy, willingly joined by Mr. Schuyler[,] was distributing more than 1.5 kilograms of crack cocaine." J.A. 266. In re-sentencing Parros, the court found that the "evidence was so strong and so overwhelming at trial that the quantity evidence" that fifty grams of crack cocaine was involved "cannot legitimately be controverted." J.A. 221.

Timely notices of appeal were thereafter filed by the Appellants. We possess jurisdiction pursuant to 18 U.S.C. § 3742 and 28 U.S.C. § 1291.

## II.

A district court's decision to grant or deny a continuance is reviewed for abuse of discretion. *United States v. Hoyte*, 51 F.3d 1239, 1245 (4th Cir.1995). We review for plain error any challenge to a conviction or sentence which was not raised in the district court, pursuant to *United States v. Olano*, 507 U.S. 725, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993). *See United States v. Angle*, 254 F.3d 514, 517 (4th

Cir.2001).[7] We review a district court's findings of fact on sentencing issues for clear error. *United States v. Fletcher*, 74 F.3d 49, 55 (4th Cir.1996).

## III.

In these consolidated appeals, the Appellants raise two issues. First, they maintain that, under the "mandate rule," the district court lacked the authority to continue the re-sentencing proceedings initially scheduled for February 28, 2002. Second, they contend that the district court erred in applying *Cotton* to their re-sentencings and that the evidence against them was neither "overwhelming" nor "essentially uncontroverted." As explained below, we reject these contentions.

### A.

▮▮▮ Appellants first maintain, on the basis of the "mandate rule," that the district court did not possess the authority to continue the re-sentencing proceedings it had initially scheduled for February 28, 2002. Pursuant to the mandate rule, when an appellate court remands an appeal for further proceedings, "a district court must, except in rare circumstances, implement both the letter and spirit of the mandate." *United States v. Bell*, 5 F.3d 64, 66 (4th Cir.1993) (internal quotation marks omitted). It is elementary, however, that a trial court possesses broad discretion on matters of scheduling and, more specifically, on matters relating to granting or denying continuances. *Morris v. Slappy*, 461 U.S. 1, 11, 103 S.Ct. 1610, 75 L.Ed.2d 610

---

**6.** Johnson was the lead defendant in the Appellants' initial appeal to this Court. The Government's unsuccessful effort to recall our *Johnson* mandate related only to the Appellants.

**7.** The plain error mandate of *Olano* is satisfied if: (1) there was error; (2) it was plain;

and (3) it affected the defendants' substantial rights. 507 U.S. at 732, 113 S.Ct. 1770. If these conditions are met, we may then exercise our discretion to notice the error, but only if it "seriously affects the fairness, integrity or public reputation of judicial proceedings." *Id.* (internal quotation marks omitted).

(1983); *United States v. Speed,* 53 F.3d 643, 644 (4th Cir.1995).

■ The district court's decision to continue the re-sentencing proceedings of the Appellants was not a departure from our mandate in *Johnson* because, put most simply, the mandate specified no particular time for these re-sentencings to occur. The mandate merely remanded the proceedings of the Appellants "for re-sentencing consistent with this opinion." *Johnson,* 26 Fed.Appx. 111, 2001 WL 1349205, at *6. And contrary to the Appellants' contention, the Government's failure to seek a stay of the *Johnson* mandate, seek en banc review, or petition for certiorari, does not impact this conclusion. Indeed, the Government could not appropriately have moved for a stay of the *Johnson* mandate, in that the applicable rules provide such a remedy only when a stay is being sought in a proceeding for which certiorari is also sought. Fed. R.App. P. 41(d)(2). When our mandate issued in *Johnson,* the Supreme Court had already granted certiorari in *Cotton.* The issue presented to the Court in *Cotton* was identical to the issue asserted by the Appellants in *Johnson,* and there was no apparent basis for the Government to have sought certiorari in *Johnson.* In such circumstances, the contention that the district court lacked the authority to continue the re-sentencing proceedings is patently without merit.

### B.

■ The Appellants' second contention on appeal is that the district court, on remand, erred in applying the Supreme Court's *Cotton* decision in the re-sentencing proceedings of the Appellants. As explained below, we reject this contention as well.

■ There are only three narrow situations where a trial court may depart from the mandate of an appellate court. These limited circumstances, the first of which is controlling here, are: "(1) a showing that controlling legal authority has changed dramatically; (2) that significant new evidence, not earlier obtainable in the exercise of due diligence, has come to light; or (3) that a blatant error in the prior decision will, if uncorrected, result in a serious injustice." *Bell,* 5 F.3d at 67 (internal quotation marks omitted). On October 8, 2002, in denying the Government's motion to recall the *Johnson* mandate, we observed that "under the mandate rule a district court is free to apply intervening changes in controlling law in considering a case on remand. Hence, the Supreme Court's reversal in *Cotton* does not necessitate a recall of our mandate." No. 00–4227, at 2 (citing *Bell,* 5 F.3d at 67).

While the re-sentencing proceedings of the Appellants were pending on remand to the district court, the Supreme Court's *Cotton* decision altered the controlling principles. Its holding constituted a dramatic intervening change from our decision in *Cotton,* and the district court was obliged to adhere to the principles enunciated by the Court.

■ Next, the Appellants contend that *Cotton* was misapplied here because the evidence supporting the drug quantities required for their enhanced sentences was not "overwhelming" and "essentially uncontroverted." As we have pointed out, the indictment failed to specify any drug quantities in the charges lodged against the Appellants. Because the Appellants did not object on this point, however, we review this contention for plain error only. In that respect, the Government concedes that the Appellants satisfy the first two prongs of *Olano* 's plain error analysis, *i.e.,* that (1) there was error, and (2) such error

was plain. The Government does not take a position with respect to *Olano*'s third prong, assertedly because the Court in *Cotton* declined to address this prong. *See Cotton*, 535 U.S. at 632–33, 122 S.Ct. 1781. The Government contends that, in any event, the evidence of drug quantities utilized in the re-sentencing proceedings was, like that in *Cotton*, overwhelming and essentially uncontroverted.

Notwithstanding the Government's reluctance, we have already determined, in their earlier appeals, that the Appellants satisfy the third prong of the *Olano* plain error analysis. *Johnson*, 26 Fed.Appx. 111, 2001 WL 1349205, at *3. Even though the Appellants' substantial rights were violated, however, the presence of plain error does not seriously affect the "fairness, integrity or public reputation of judicial proceedings" if the evidence of drug quantity required to increase their sentences beyond the statutory maximums was "overwhelming" and "essentially uncontroverted." *Cotton*, 535 U.S. at 633, 122 S.Ct. 1781 (internal quotation marks omitted).

In this proceeding, the requirements of *Cotton* and *Olano* are satisfied on this final point. In the re-sentencing proceedings of the Appellants, the court repeatedly found that the evidence was both overwhelming and essentially uncontroverted that the conspiracy offense for which they were convicted involved at least fifty grams of cocaine base. During the re-sentencing proceedings of Robinson, the court found that "there was overwhelming and essentially uncontroverted evidence that the conspiracy within Mr. Robinson's reasonable contemplation involved the distribution of fifty grams or more of crack cocaine." J.A. 282. In re-sentencing Parros, the district court similarly found that "[i]t would simply be impossible ... to conclude that the amount reasonably foreseeable to Mr. Parros was less than fifty

grams." J.A. 221. On Parros, the court further found that "the evidence was so strong and so overwhelming at trial that the quantity evidence cannot legitimately be controverted." *Id.* And in re-sentencing Schuyler, the court found that the evidence "overwhelmingly established that the conspiracy, willingly joined by Mr. Schuyler[,] was distributing more than 1.5 kilograms of crack cocaine," J.A. 266, and the court plainly indicated that its findings as to Schuyler were identical to those it had already made with respect to Parros, *see* J.A. 265.

In sum, we have carefully reviewed the record on the drug quantity evidence with respect to the re-sentencing proceedings, and we are unable to conclude that the findings of the district court are clearly erroneous. Indeed, our independent review of the evidence compels us to reach the same conclusions enunciated by the district court, that the evidence supporting the Appellants' convictions was both overwhelming and essentially uncontroverted. As a result, the Appellants' contention that the court erred in its application of *Cotton* in their re-sentencing proceedings must also be rejected.

## IV.

Pursuant to the foregoing, we affirm the Appellants' convictions and sentences.

*AFFIRMED*