David K. ADKINS, Plaintiff,

v.

Jo Anne B. BARNHART,
Commissioner of Social
Security, Defendant.

No. 203CV00115.

United States District Court,
W.D. Virginia,
Big Stone Gap Division.

Jan. 7, 2005.

Vernon M. Williams, Wolfe, Williams &
Rutherford, Norton, VA, for Plaintiff.

Julie C. Dudley, Assistant United States Attorney, Roanoke, VA, for Defendant.

## OPINION

JONES, Chief Judge.

In this social security case, the plaintiff objects to the report of the magistrate judge recommending that the court affirm the Commissioner's determination that the plaintiff is not disabled within the meaning of the Social Security Act. Upon review, I find that the mandate rule requires me to overrule the plaintiff's objections and hold that the Commissioner's determination is supported by substantial evidence.

### I. Background.

The plaintiff, David K. Adkins, applied to the Commissioner of Social Security ("Commissioner") for supplemental security income ("SSI") benefits under the Social Security Act ("Act") on March 23, 1994, alleging disability since March 1, 1988, as a result of back and neck problems and "nerves." Adkins was granted SSI benefits after an administrative law judge ("ALJ") found him disabled on the basis of alcohol abuse.

In 1997, Adkins' benefits were terminated after a redetermination of his eligibility pursuant to an amendment to the Act, Pub. Law No. 104–121, that excludes claimants from receiving benefits if their alcoholism or drug addiction is a contributing factor material to the disability determination. Adkins challenged the termination of his benefits at a November 4, 1997 hearing, but an ALJ denied his claim. Adkins sought, but was denied, review by the Appeals Council and the ALJ's decision became the final decision of the Commissioner.

Adkins filed an action in this court in 1999, seeking judicial review of the Commissioner's decision. The case was referred to a magistrate judge for report and recommendation. The magistrate judge found that substantial evidence supported the ALJ's finding "that Adkins'[ ] mental impairment did not meet or equal the requirements of the listed impairments for mental retardation found at 20 C.F.R. Part 404, Subpart P, Appendix 1, § 12.05(C)." (R. at 331.) However, the magistrate judge recommended that the case be remanded for further development of the facts relating to two other issues. The district court adopted the report, affirmed the Commissioner's decision regarding listed impairment 12.05C, and ordered a "sentence four" remand to the Commissioner under 42 U.S.C.A. § 405(g) for further consideration and development of the remaining issues. *Adkins v. Apfel*, No. 2:99CV00170 (W.D.Va. Feb. 1, 2001).

On August 30, 2002, the ALJ again denied Adkins' claim, finding that he has no severe physical or mental impairment other than alcohol abuse, a material disability that bars him from receiving benefits. (R. at 300–08.) Adkins again sought, and was denied, review by the Appeals Council. (R. at 248–49.) Adkins then filed this action, seeking review of the Commissioner's decision.

The case was referred to United States Magistrate Judge Pamela Meade Sargent to conduct appropriate proceedings. *See* 28 U.S.C.A. § 636(b)(1)(B) (West 1993); Fed.R.Civ.P. 72(b). Magistrate Judge Sargent filed her report on September 13, 2004, and thereafter Adkins filed timely objections to the report. After reviewing Adkins' objections, I ordered the parties to show cause why I should not affirm the decision of the Commissioner on the ground that this court had previously determined against the plaintiff the sole remaining issue. The parties have filed responses to the order and the case is now ripe for decision.

## II.  Standard of Review.

I do not give deference to the magistrate judge's findings in those portions of the report and recommendation to which Adkins objects, but must make a de novo determination.  *See* 28 U.S.C.A. § 636(b)(1)(C) (1993 & West Supp.2004); Fed.R.Civ.P. 72(b).  Under the Act, I must uphold the factual findings and final decision of the Commissioner if they are supported by substantial evidence and were reached through application of the correct legal standard.  *See Coffman v. Bowen,* 829 F.2d 514, 517 (4th Cir.1987).  Substantial evidence is "evidence which a reasoning mind would accept as sufficient to support a particular conclusion.  It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance."  *Laws v. Celebrezze,* 368 F.2d 640, 642 (4th Cir.1966).  If such evidence exists, my inquiry is terminated and the Commissioner's final decision must be affirmed. *See id.*

## III.  Analysis.

Adkins raises two issues in his objections to the report and recommendation of the magistrate judge.  First, Adkins contends that the magistrate judge erred when she agreed with the ALJ's finding that his mental impairment fails to meet or equal the requirements of listing 12.05(C).  Second, he argues that new evidence warrants further consideration of his 12.05(C) claim.  For the following reasons, I disagree.

### A.

Adkins asserts that the Commissioner's 12.05(C) decision was not supported by substantial evidence and claims that the magistrate judge erred when she agreed with the ALJ's findings.  He argues that evidence from Drs. Dietrich, Hughson, and Smith, and from the state agency physician, "clearly indicates the plaintiff lacks the ability to meet the basic mental demands to successfully and consistently engage in substantial gainful activity."  (Pl.'s Obj. at 6.)  This is the same argument Adkins raised in his 1999 challenge to the Commissioner's decision.

■  "Few legal precepts are as firmly established" as the mandate rule, which states that "the mandate of a higher court is 'controlling as to matters within its compass.'"  *United States v. Bell,* 5 F.3d 64, 66 (4th Cir.1993) (quoting *Sprague v. Ticonic Nat'l Bank,* 307 U.S. 161, 168, 59 S.Ct. 777, 83 L.Ed. 1184 (1939)).  Although the mandate rule most commonly is applied between courts of different levels, it is also applicable to judicial review of administrative decisions.  *Rios–Pineda v. United States Dep't of Justice, Immigration & Naturalization Serv.,* 720 F.2d 529, 532–33 (8th Cir.1983), *rev'd on other grounds,* 471 U.S. 444, 449–50, 105 S.Ct. 2098, 85 L.Ed.2d 452 (1985); *see also Grigsby v. Barnhart,* 294 F.3d 1215, 1218–19 (10th Cir.2002); *Wilder v. Apfel,* 153 F.3d 799, 803 (7th Cir.1998).

■  "The mandate rule does not simply preclude a [lower court] from doing what a[ ] [higher court] has expressly forbidden it from doing . . . ."  *S. Atl. Ltd. P'ship of Tenn., LP v. Riese,* 356 F.3d 576, 584 (4th Cir.2004) (citing *Bell,* 5 F.3d at 66).  Rather, it requires a lower court to implement the "letter and spirit" of a higher court's order and "tak[e] into account . . . [the higher court's] opinion and the circumstances it embraces[.]"  *Bell,* 5 F.3d at 66–67.  The rule forbids the relitigation of issues either expressly or impliedly decided by a higher court.  *Id.* at 66.  Only in "extraordinary circumstances" can a lower court reopen an issue already decided by a higher court.  *Id.* at 67.  These "limited circumstances" include: (1) a dramatic change in the controlling legal au-

thority, (2) significant new evidence that was not previously obtainable with due diligence, and (3) a blatant error in the prior decision that will result in serious injustice. *United States v. Robinson*, 390 F.3d 833, 837 (4th Cir.2004) (citing *Bell*, 5 F.3d at 67).

■ In this case, Adkins challenges the ALJ's finding that his mental impairment fails to meet the requirements of listing 12.05(C). To qualify as disabled under 12.05(C), a claimant must have both: (1) a valid IQ score between 60 and 70, and (2) a physical or mental impairment imposing additional and significant work-related limitations on functioning. 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 12.05(C) (2004). In its 2001 opinion, this court specifically held that the ALJ's determination regarding the 12.05(C) issue was supported by substantial evidence. (R. at 315, 328.) This court adopted the magistrate judge's finding that while Adkins satisfied the first prong of 12.05(C), "the medical evidence contained in this record fails to show that [he] suffers from any other physical or mental impairment," as required in the second prong. (R. at 329.) Finally, this court remanded the case for further consideration of Adkins' residual functional capacity ("RFC"). (R. at 331.)

This court's mandate contained precise and unambiguous instructions and was controlling as to the 12.05(C) issue. The Commissioner was directed to take additional evidence about and reconsider only the issue of Adkins' RFC. On remand, the ALJ revisited the 12.05(C) issue, contrary to the court's mandate.[1]

This case does not present the extraordinary circumstances that justify an exception to the mandate rule. There was no dramatic change in controlling legal authority or blatant error. *See Bell*, 5 F.3d at 67. On remand, Adkins did claim to have new evidence, stating he would "need to submit some additional evidence post-hearing." (R. at 343.) While significant new evidence that was not previously obtainable with due diligence can justify departure from the mandate rule, Adkins failed to present any such evidence. In fact, Adkins submitted no evidence during the three-week period the ALJ left open for such submissions. The ALJ was bound to uphold the "letter and spirit" of the court's decision and violated this mandate when he reconsidered the 12.05(C) issue in the absence of any extraordinary circumstances.

*B.*

Adkins asks the court to consider additional evidence related to his 12.05(C) claim.

■ Ordinarily, a district court may remand a social security case on the basis on newly discovered evidence, a "sentence six" remand, when the plaintiff satisfies four prerequisites. 42 U.S.C.A. § 405(g) (2003 & West Supp.2004); *Borders v. Heckler*, 777 F.2d 954, 955 (4th Cir.1985). First, the evidence must be "new." *Borders*, 777 F.2d at 955 (holding "new" evi-

---

1. Adkins contends the ALJ's reconsideration of the 12.05(C) issue amounts to a de facto reopening of the question. (Pl.'s Resp. Show Cause at 1–2.) The agency does have some discretion to reopen a claimant's case, even after that case has otherwise been finally decided by the Commissioner. 20 C.F.R. § 404.988(a-b) (2004). However, this discretion is available only in "reopenings," as when the agency, hearing a second or third application for benefits, reconsiders whether a claimant's first application should have been denied. *See Cieutat v. Bowen*, 824 F.2d 348, 354 (5th Cir.1987). Different regulations govern agency determinations following remand. *See Littlefield v. Heckler*, 824 F.2d 242, 245 (3rd Cir.1987). The reopening provision does not give the agency the authority to disregard a mandate from the district court in cases like this one.

dence is " 'relevant to the determination of disability at the time the application was first filed and not merely cumulative' " (quoting *Mitchell v. Schweiker,* 699 F.2d 185, 188 (4th Cir.1983))). Second, it must be material. *Id.* Third, there must be good cause for the "failure to submit the evidence when the claim was before the Secretary." *Id.* Fourth, the claimant must make " 'at least a general showing of the nature' of the new evidence." *Id.* (quoting *King v. Califano,* 599 F.2d 597, 599 (4th Cir.1979)). Adkins could have taken advantage of the "sentence six" standard had he presented his additional evidence to this court prior to remand.

Alternatively, Adkins could have appealed this court's previous remand order. *See Forney v. Apfel,* 524 U.S. 266, 269, 118 S.Ct. 1984, 141 L.Ed.2d 269 (1998) (internal citations omitted) (explaining that "a district court order remanding a Social Security disability benefit claim … [under sentence four] is a final judgment" for purposes of appeal or award of attorney's fees). In fact, Adkins moved for, and was awarded, attorney's fees under the Equal Access to Justice Act following remand. *Adkins v. Apfel,* No. 2:99CV00170 (W.D.Va. Apr. 6, 2001).

The "sentence six" standard no longer is applicable in Adkins' case. All of Adkins' additional evidence relates to the 12.05(C) determination, which issue was decided by this court prior to remand. To be considered at this time, Adkins' evidence would have to fall into an exception to the mandate rule, a standard higher than the one required by "sentence six." To justify departure from the mandate rule, new evidence must fall into "very special circumstances." *United States v. Bell,* 5 F.3d at 67 (internal citation omitted). It must be both "significant" and "not earlier obtainable in the exercise of due diligence."

*United States v. Robinson,* 390 F.3d at 837 (citing *Bell,* 5 F.3d at 67).

Adkins has submitted to this court several additional medical records relating to the 12.05(C) issue. The bulk of those records cover the time period subsequent to the ALJ's decision and, therefore, are irrelevant to the determination of whether Adkins' mental impairment met the requirements of listing 12.05(C) during the time in question. For the same reason, this court cannot, as he requests, "take due notice" that Adkins was awarded benefits on a subsequent application. (Pl.'s Resp. Show Cause at 2.)

Only medical records from St. Mary's Hospital are relevant to the time period in question. They indicate that Adkins complained of a variety of problems, including a rash, difficulty breathing, a toothache, cough, shortness of breath, chest discomfort, and bilateral leg and back pain. (R. at 267–93.) X rays revealed a normal lumbar spine and possible chronic obstructive pulmonary disease, but no active cardiopulmonary disease. (R. at 268–69, 271–72.) Doctors placed no significant restrictions on Adkins as a result of any of these complaints.

This evidence would not satisfy even the lesser standard of "materiality" required under § 405(g); there is no reasonable possibility that a rash, toothache, cough, and related complaints would have changed the outcome of the Commissioner's decision. Not only does this evidence not rise to the level of "significant," but its discovery does not constitute an "extraordinary circumstance." The discovery that a claimant complained of additional health problems, but was not significantly restricted by those problems, is quite an ordinary circumstance in social security cases. Moreover, Adkins has offered no reason why he could not have submitted his new evidence earlier. None of the

limited circumstances justifying departure from the mandate rule are present in this case.

### IV. Conclusion.

Each objection Adkins filed to the magistrate judge's report relates to the finding that he does not meet the requirements of 20 C.F.R. Part 404, Subpart P. Appendix 1, § 12.05(C). I find that Adkins has not presented the extraordinary circumstances necessary to justify departure from the mandate rule. Therefore, I must uphold this court's earlier finding that Adkins has failed to meet the requirements of listing 12.05(C). I thus approve, on different grounds, the magistrate judge's proposed finding that substantial evidence exists in the record to support the Commissioner's decision.

An appropriate final judgment will be entered.